## Board of Mgrs. of the 48-54 W. 138th St. Condominium v Burdock

2024 NY Slip Op 30502(U)

February 15, 2024

Supreme Court, New York County

Docket Number: Index No. 157791/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. ARLENE P. BLUTH**            **PART**                    **14**

*Justice*

------------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 48-54 WEST 138TH STREET CONDOMINIUM,

                                    Plaintiff,

                    - v -

FLORA BURDOCK, JOHN DOE, JANE DOE,

                                    Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157791/2022 |
| **MOTION DATE** | 02/15/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 101, 102, 103, 104, 105, 106, 107

were read on this motion to/for                    ATTORNEY - FEES                    .

Plaintiff's motion for legal fees and other relief is decided as described below (defendant Burdock did not oppose).

In this now-disposed matter, plaintiff alleged that defendant created a hoarding condition in her apartment and sought permission to abate this condition.  After giving defendant many opportunities to abate the condition herself, the Court finally ordered that defendant had to grant plaintiff access to her apartment so that plaintiff could clean it. Plaintiff contends it got access in August 2023, cleaned out the apartment and put some of defendant's belongings in storage.

In this motion, plaintiff moves to recover various fees incurred in this litigation, including legal fees and the costs to clean up the apartment.  As an initial matter, the Court grants the branch of the motion that seeks to recover the costs incurred to clean out, sanitize and fumigate

157791/2022   BOARD OF MANAGERS OF THE 48-54 WEST 138TH STREET CONDOMINIUM vs.           Page 1 of 4
BURDOCK, FLORA ET AL
Motion No.  004

1 of 4

the apartment. Plaintiff explained it spent $7,328.95 on these efforts (which even included moving defendant's personal belongings to a storage warehouse and paying the first month's rent at this facility).

The Court also grants plaintiff's request for reasonable legal fees in the amount of $42,502.87 as plaintiff cited the relevant portion of the by-laws permitting recovery of legal fees here and the fees are inherently reasonable. This case involved numerous appearances and multiple motions. The case was only brought due to defendant's hoarding and then was dragged out. Multiple motions and court appearances (all or which take time) were required due to defendant's failure to clean it up herself despite many promises to do so, defendant's failure to keep appointments to allow access and other issues and delays caused by defendant. Moreover, the rates charged by counsel for plaintiff are inherently reasonable (not a single attorney charged an hourly rate more than $475 in an era when many law firms are routinely charging well more than a $1,000 an hour [*see* Dan Roe, *Top Big Law Partners Are Earning More Than $2,400 Per Hour, as Rates Continue to Climb*, New York Law Journal, January 10, 2024]).

However, the Court denies the remaining relief requested by plaintiff. Plaintiff demands injunctive relief that defendant not create a nuisance and that defendant be enjoined from violating various by-laws and house rules. The Court declines to issue injunctive relief that requires defendant to simply follow applicable laws and rules by not creating a hazardous condition. It makes little sense to issue a Court order directing defendant to comply with certain obligations. After all, that is why plaintiff brought this case in the first place—because defendant

**157791/2022   BOARD OF MANAGERS OF THE 48-54 WEST 138TH STREET CONDOMINIUM vs.**          **Page 2 of 4**
**BURDOCK, FLORA ET AL**
**Motion No.  004**

2 of 4

[* 2]

created a hoarding condition and refused to clean it up. The lease, house rules, etc. already require the defendant to act in a certain way.

The Court also denies plaintiff's request that defendant give access to her apartment to upon reasonable notice. The affidavit from Mr. Lago (an employee of plaintiff's managing agent) contains no allegation that there is a *current* hoarding condition at the apartment. Instead, Mr. Lago explains that the apartment was cleaned up starting on August 22, 2023 (NYSCEF Doc. No. 102, ¶ 4). Although Mr. Lago claims that defendant stated she intended to bring back some items that plaintiff put in storage on her behalf, that does not justify creating an indefinite requirement that defendant give access to her apartment. If the lease, house rules or other documents governing the parties' relationship allow access, then, if defendant declines access, plaintiff may seek to enforce its rights under the governing documents.

Certainly, if plaintiff had specific knowledge (such as an affidavit from a doorman or super) that defendant had brought back these items and reasonably suspected that there was an ongoing hoarding condition, access may be appropriate. But a suspicion (even an understandable one given the history of this case) that defendant might create a hoarding condition in the future is not a basis to create a right, in perpetuity, for plaintiff to get access to defendant's apartment on a whim. The fact is that, on this record, the hoarding condition has been cured and nothing submitted shows that status quo has changed. Defendant was presumably given a fresh start last August. If she allows her apartment to rise to the level of another hoarding condition, the plaintiff may bring another case. The Court is hopeful that will not be necessary.

**157791/2022   BOARD OF MANAGERS OF THE 48-54 WEST 138TH STREET CONDOMINIUM vs.**          **Page 3 of 4**
**BURDOCK, FLORA ET AL**
**Motion No. 004**

[* 3]

3 of 4

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted to the extent that the Clerk is directed to enter judgment in favor of plaintiff and against defendant Flora Burdock in the amount of $49,789.32 plus statutory interest from January 26, 2024 (the date of the motion) and denied with respect to the remaining relief requested.

| 2/15/2024 | | | |
|---|---|---|---|
| DATE | | | ARLENE P. BLUTH, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157791/2022   BOARD OF MANAGERS OF THE 48-54 WEST 138TH STREET CONDOMINIUM vs. BURDOCK, FLORA ET AL**
**Motion No.  004**

**Page 4 of 4**

4 of 4